**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-10-0000140**
**26-AUG-2011**
**08:10 AM**

CAAP-10-0000140

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SHON K. POTEAT, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CASE NO. 1DTA-10-01645)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Shon Poteat (Poteat) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment (judgment) filed on October 13, 2010 in the District Court of the First Circuit, 'Ewa Division (District Court).[1]

After a bench trial, Poteat was convicted of Excessive Speeding, in violation of HRS § 291C-105(a)(1)(a)(2) (2007 Repl.).[2]

---

[1] The Honorable Michael Marr presided.

[2] HRS § 291C-105(a)(1)(a)(2) provides:

§291C-105 **Excessive speeding.** (a) No person shall drive a motor vehicle at a speed exceeding:

. . .

(2)    Eighty miles per hour or more irrespective of the applicable state or county speed limit.

On appeal, Poteat contends that the District Court erred in receiving evidence of a laser speed gun reading because: (1) there was insufficient foundation that the laser gun was tested according to the manufacturer's recommended procedures and insufficient foundation that the officer was qualified by training and experience to operate the laser gun; and (2) the officer's testimony about alleged statements by representatives of the laser gun manufacturer was inadmissible hearsay and violated Poteat's right to confront witnesses.[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Poteat's points of error as follows.

At trial, Officer Jeremy Franks (Officer Franks) testified that on February 22, 2010, he observed Poteat's vehicle on the H-1 freeway and it appeared to be traveling faster than the speed limit. Officer Franks testified that he activated a laser gun, pointed it at Poteat's vehicle, and the reading from the laser gun indicated a speed of 86 miles per hour. The defense objected to the laser gun reading, but the objection was overruled by the district court.

We conclude that there was insufficient foundation for admission of the laser gun reading and therefore the district court abused its discretion in admitting this evidence. Sufficient foundation for admission of the laser gun reading requires evidence: (1) "that the laser gun's accuracy was tested according to procedures recommended by the manufacturer[;]" and (2) that "the nature and extent of an officer's training in the operation of a laser gun meets the requirements indicated by the manufacturer." State v. Assaye, 121 Hawai'i 204, 215, 216 P.3d 1227, 1238 (2009) (citations omitted).

---

[3] Poteat objected to testimony of the officer's training, testing and operation of the laser gun and to the laser gun reading.

In this case, there was sufficient evidence that the testing of the laser gun's accuracy was done according to the manufacturer's recommendations. However, there was not sufficient evidence that Officer Franks's training in the operation of the laser gun met the manufacturer's requirements. Specifically, although Officer Franks testified that his training in testing the laser gun was done according to manufacturer recommendations, there is no evidence that his training in otherwise operating the laser gun met manufacturer recommendations.

Officer Franks testified that he was initially trained in 2003 to use the laser gun. This consisted of four hours of classroom training, as well as practical use and operating the laser gun. As part of the classroom training, he testified he was issued a laser manual which "was generated by the manufacturer through HPD, and we were issued a copy of it from HPD." The manual had a "copyright from Laser Technologies" or "LTI" on the front cover, which stands for "Laser Technologies, Incorporated[,]" which is "the manufacturer of the laser".[4] Officer Franks confirmed that he was trained to do four tests on the laser gun that were contained in the manual as part of the manufacturer's recommended procedure. Notably, other than the training for the four tests, there is no testimony or evidence that any other part of Officer Frank's training met the recommendations of the laser manufacturer. Under Assaye, this was insufficient foundation for admission of the laser gun reading.

Officer Franks also testified about other training he received, but this evidence also does not meet the Assaye requirements. He testified that in November 2009, he was

_____

[4] Although, in cross-examination, testimony indicated that Sergeant Lum at HPD wrote the manual, in redirect examination, Officer Franks clarified that the manual he received in training was the manual that contained the LTI copyright.

3

selected to be an instructor to teach and qualify operators of the laser gun. As part of this training, Officer Franks testified that he had additional classroom training and instruction on the laser, but again, there is insufficient evidence that this training met the requirements of the manufacturer. Curiously, Officer Franks testified that after passing a test at the end of this training, he "then qualified instructor and actually got instructor cards certified by LTI to become instructors [sic]." But when asked if representatives of LTI were involved in this process, Officer Franks testified "[n]ot at this point." On cross-examination, Officer Franks testified that the person who qualified him as an instructor in November of 2009 was retired Sergeant Robert Lum (Lum). Officer Franks did not know if Lum was employed with LTI, only that Lum was the coordinator between Hawaii and LTI, "the person that brings them down for training." Therefore, it is completely unclear how or at what point in time Officer Franks received an instructor card certified by LTI.

Officer Franks testified that in April of 2010 -- after Poteat's arrest in this case on February 22, 2010 -- two representatives from LTI came and gave an instructor refresher course. Officer Franks testified, over the objection of the defense, as follows:

> A.   Well, at that point when we had that refresher course, we actually show them a PowerPoint presentation that <u>we give</u> and also the manual, and they said that it was more than enough to train and to use - -
>
> . . . .
>
> Q.   So, Officer Franks, when the LTI representatives came and you explained to them <u>the way that HPD trains people</u>, and in fact <u>the way that you train people</u> in the use of the laser, did it meet with their requirements?
>
> A.   Yes. They said it was sufficient.

(Emphasis added). This testimony, and all of Officer Franks's testimony related to the refresher course in April of 2010, fails to establish that any of the training discussed with the LTI

representatives was the same training he had received prior to Poteat's arrest in this case. For that reason alone, any evidence regarding the April 2010 refresher course is insufficient to meet the foundation requirements under Assaye. We therefore need not address Poteat's other challenge to Officer Franks's testimony that the alleged statements by the LTI representatives were inadmissible hearsay and violated Poteat's right to confront witnesses.

In sum, therefore, there was insufficient evidence that Officer Franks's training was conducted according to the manufacturer's specifications, as required under Assaye. Accordingly, insufficient foundation existed for admission of the laser gun speed reading.

Other than the laser gun reading, there was no other evidence that Poteat was operating his vehicle eighty miles per hour or more. Indeed, there was no other evidence as to the speed Poteat was driving. Therefore, Poteat's conviction must be reversed because the prosecution did not adduce sufficient evidence to prove every element of the offense under HRS § 291C-105(a)(1)(a)(2).

IT IS HEREBY ORDERED THAT the judgment, filed on October 13, 2010 in the District Court of the First Circuit, 'Ewa Division, is reversed.

DATED: Honolulu, Hawai'i, August 26, 2011.

On the briefs:

Chad N. Enoki
Deputy Public Defender
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge